**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**MISSISSIPPI LIMESTONE CORPORATION**                      **PLAINTIFF**

**V.**                      **3:24-CV-00063-BRW**

**TIM BURZYNSKI, ET AL.**                      **DEFENDANTS**

<u>**ORDER**</u>

Pending is Plaintiff's Motion for Default Judgment and to Strike Answer (Doc. No. 9).

According to the affidavits in the record, both Defendants were served on April 16, 2024.[1]  Defendants answered on May 21, 2024.[2]

"Entry of a default judgment . . . [is] committed to the sound discretion of the district court.  Default judgments, however, are not favored by the law."[3]  Here, Defendants' answer was fourteen days late.[4]

In a case where the answer was twelve days late, the Court of Appeals for the Eighth Circuit noted that "a marginal failure to comply with the time requirements" and "should be distinguished from dismissals or other sanctions imposed for willful violations of court rules, contumacious conduct, or intentional delays."[5]  The nominal period of delay in this case does not warrant the "drastic remedy" of a default judgment and is contrary to the public policy that cases

---

[1]Doc. Nos. 4, 5.

[2]Doc. No. 7.

[3]*United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993).

[4]Fed. R. Civ. Pro. 12(a) ("A defendant must serve an answer within 21 days after being servied with the summons and complaint . . . .").

[5]*Harre*, 983 F.2d at 130.

should be tried on the merits.[6]  Additionally, Plaintiff has cited no prejudice, and the Court sees none.

Accordingly,  Plaintiff's Motion for Default Judgment and Strike Answer (Doc. No. 9) is DENIED.

IT IS SO ORDERED this 24th day of May, 2024.


Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[6]*American States Ins. Corp. v. Techincal Surfacing, Inc.*, 178 F.R.D. 518, 521 (D. Minn. 1998).